UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES KEON WILLIAMS,

        Petitioner,                    Case Number 09-13106
                                                Honorable David M. Lawson

v.

JEFFREY WOODS,

        Respondent,
_____/

### ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY

The petitioner, Moses Keon Williams, filed a petition for a writ of habeas corpus, alleging three grounds for relief. The petitioner contends that (1) the trial court violated his Sixth Amendment right to present a defense when it refused to permit him to call an alibi witness that he failed to disclose in a timely manner; (2) trial counsel provided ineffective assistance by, among other things, failing to make a timely investigation of his alibi witness or request a continuance to permit a complete investigation; and (3) the trial court violated his rights under the Due Process Clause by unreasonably denying his postconviction motion for relief from judgment.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court concluded that the petitioner has not established that a decision of any state court on the issues he raises was contrary to or an unreasonable application of clearly established federal law, and that reasonable jurists could not debate the Court's conclusions as to his second and third grounds for relief. However, the Court finds that reasonable jurists could debate whether the claim that the petitioner's Sixth Amendment right to present a defense was violated by exclusion of his alibi witness should have been resolved in a different manner, and it therefore will grant a certificate of appealability as to that claim only.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** as to the petitioner's first claim regarding the exclusion of his alibi witness only.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Dated:  February 20, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 20, 2013.

                                              s/Deborah R. Tofil
                                              DEBORAH R. TOFIL